WARREN (GOODENOUGH v.).    See Case No. 5,534.

WARREN (HALL v.).    See Case No. 5,952.

---

## Case No. 17,197.

### WARREN v. IVES et al.

[1 Flip. 356; 1 1 Am. Law T. Rep. (N. S.) 363; 1 Cent. Law J. 312.]

Circuit Court, W. D. Michigan.    March 21, 1874.

REMOVAL OF CAUSES — INJUNCTION PENDING MOTION TO REMAND.

If a cause has been removed from a state to the federal court and an objection be raised to the jurisdiction of the latter court in the given case, the federal court will protect the rights of all parties during the interval and prior to the decision of that question; and if land be the subject of the controversy will, if necessary, award an injunction restraining waste.

In equity.

Norris, Blair & Kingsley, for complainant.
Eggleston & Kleinhaus, for defendants.

WITHEY, District Judge. In 1872 Stewart Ives commenced suit by bill in equity in the state court of Mecosta county, against George B. Warren and others, claiming to be the owner of a tract of some four thousand acres of land, by title derived from Chauncy P. Ives, and alleging that said Chauncy P. Ives, prior to the conveyance to Stewart Ives, had by deed, absolute on its face, of date July 15, 1859, conveyed same land to George B. Warren and Frederick B. Leonard, to secure indebtedness from the grantor to the grantees. The bill claims such prior conveyance to be but a mortgage, prays for an accounting, offers to pay any balance found due to Warren and Leonard, and asks that the deed to them be decreed to be cancelled.

---

1 [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

Warren and the other defendants, being citizens of New York, petitioned to have the cause removed to this court, which was opposed, but the state court held the petition to be sufficient and ordered the removal. In May, 1873, the papers were presented and allowed to be filed in this court. This was followed by a motion of Ives to remand for non-compliance with the act of congress providing for the removal of causes from the state to the national courts. After hearing that motion, my impression was that the cause ought to be remanded, but the question raised was new and the case an important one. I therefore reserved the motion for hearing before the circuit judge, and ordered it placed on the reserved list. Owing to Judge Emmons' continued absence the motion has not been heard.

On the 25th of February last, the cause and parties being thus situated, Mr. Warren, by leave, filed his cross-bill in this court against Stewart Ives and others, in which he sets up his title in fee to the land in question; claims the conveyance of July 15, 1859, from Chauncy P. Ives to Warren and Leonard, was not only absolute in form, but made, executed and delivered as such, and not for the purpose of securing indebtedness. Statements are made in the bill for the purpose of showing the absolute character of the deed, and of the intention of the parties to it. The lands are shown to be principally valuable for their standing pine timber, and defendants, or some of them, have, during the winter 1873–4, cut and removed a large quantity of the timber, and were when the bill was filed, still at work cutting and removing the timber. Complainant prays that his title be confirmed, and that defendants be restrained from committing waste, and from sawing, selling or using the saw-logs already removed, etc. A provisional injunction was issued, and an order granted on defendants to show cause. They have answered, and filed affidavits against the injunction. The showing is conclusive on the question of waste, and if the court has power to protect the lands from depredation, pending a settlement of the question of title, it should be exercised.

Jurisdictional questions are urged by defendants' counsel, and these I proceed first to dispose of. It is claimed that the bill filed by Warren is a cross-bill, and as such cannot be sustained, for the reason that there has been no removal of the cause of Ives against Warren and others from the state court. Again, that as an original suit, this court has no jurisdiction of complainant's bill, inasmuch as it covers the same subject matter and is between the same parties in interest as the suit brought by Ives in the state court.

When the bill of complaint of Warren was presented to me for leave to file, and for an order for a provisional injunction against waste, I understood it to be framed with a double aspect, asking that the bill stand as a cross-bill if the motion to remand was denied, or as an original bill in case that motion should prevail. By reference to page 26 of the printed

bill it will be seen that such must have been the original intention of the pleader, but its language very singularly asks that the bill may stand as a cross-bill in either event. Thus framed, the clause wants appropriateness and proper expression. After what complainant's counsel has said at the argument, that the bill was designed to be in the alternative, I shall so regard the case, and permit an amendment at once and without terms.

Touching the status of the suit brought by Mr. Ives in the state court, and sought to be removed to this by Warren and others, it is urged that inasmuch as I intimated the petition to be defective, on the argument of the motion to remand, any exercise of jurisdiction now by the court over that case would be inconsistent with such expressed views, and prima facie unauthorized. This objection assumes the bill filed by Warren to be a cross-bill and nothing more, whereas, it was, as already explained, presented and allowed to be filed either as a cross-bill or as an original bill, depending upon the disposition which should ultimately be made by Judge Emmons of the motion to remand. As I shall show when the second objection is discussed, jurisdiction attaches to Mr. Warren's bill as an original bill if the suit by Ives is dismissed to the state court. But I entertain the view that, as a cross-bill, the court would be justified in asserting jurisdiction. The question is new, for I find no authorities to govern me; but prima facie, the suit of Mr. Ives has been removed from the Mecosta circuit court and is pending here. That court ordered the cause removed, and it was so far consummated that the papers were taken from that into this court, and are here filed and the case docketed. The state tribunal, by an order of removal granted after a hearing, judicially declared itself without further jurisdiction, and would not now probably assert further jurisdiction. The case is one clearly within the act of congress providing for the removal, and defendants in that suit have attempted, and, as they claim, successfully, to comply with the statute. This court has so far entertained the cause as to hear a motion to remand, after allowing the papers to be filed, and without deciding the motion, has allowed a provisional injunction to protect rights for the time being. The simple fact that the jurisdiction of this court is challenged does not raise a prima facie case against it, nor do I quite appreciate why a previous intimation against retaining the cause, but which intimation is not a decision, should have the effect claimed of preventing the court from giving such incidental protection as the rights of the parties require, while the jurisdictional question is pending and undetermined. For the present the controversy is pending here prima facie, and while courts are careful not to exercise a doubtful jurisdiction, they will not, while parties are before them under a claim of right, refuse to protect the interests of the parties in an emergency like the present one, from the fact that jurisdiction is questioned or even doubtful.

But as I have already said, the bill by complainant Warren is not to be regarded merely as a cross-bill for the purposes of this motion. Whether it will stand here as a cross or as an original bill depends upon the future disposition of the motion to remand. It is claimed, however, that by the well-recognized rule of comity, this court will not entertain a suit where it appears the same parties in interest are litigating the same subject matter in a state court. The proposition is fully conceded, and if we are to regard this bill as an original and not as a cross-bill, then the rule of comity insisted upon fails to defeat jurisdiction, for the reason that it appears that the question of an injunction to restrain waste is not involved in the suit by Ives against Warren and Leonard, and although the title to the land is in controversy in that suit, this court may properly entertain a suit between the same parties having for its object the prevention of waste pending the litigation in the state tribunal. Citizenship of the parties and the amount in controversy, as well as the subject-matter, injunction, gives to complainant the right to invoke the jurisdiction and power of this court to protect his rights in the land, and so far as those rights are not involved in the other suit, this court has no right to refuse what the act of congress imposes as a duty.

It is true this bill is framed to meet an emergency, and, therefore, is more than an injunction-bill, inasmuch as it asks other relief than an injunction. The undetermined question on the motion to remand the Ives suit induced and justified framing the bill in this present aspect.

Should the Ives suit be remanded, it would be competent for complainant to so amend the prayer of his bill as to render it simply an injunction-bill, and under the circumstances attending the case, the court would so administer the rules of practice as to accomplish the end and purpose of jurisdiction instead of defeating them. It is one of the distinguishing features of equity that it adapts itself to the circumstances and rights of parties, when once its jurisdiction attaches, so that if it cannot give the precise remedy asked, it will grant such as the very right of the matter demands under the general prayer for other relief. Upon the whole I am not in doubt as to jurisdiction.

Authorities were cited and discussion had touching the absolute or conditional character of the deed of July 15, 1859, by Chauncy P. Ives to Warren and Leonard; it is enough to dispose of that question for the present, that the showing here leaves that consequence in doubt. "Who owns the land?" is the principal and vital question at issue, and when the evidence shall be before the court, it can be more intelligently determined. Thus far the showing on both sides is necessarily incomplete, and, as it is ex parte, is unsatisfactory for the purpose of passing on the absolute or conditional character of such deed. This belongs to the final hearing, and should await that stage of the cause. Meanwhile neither party ought to be suffered to remove the timber, which is the

chief value of the land. So far I feel constrained to go under the showing. But Mr. Ives having been suffered to remove timber during the winter of 1873–4, and having a steam-mill to be stocked from the logs got in part from the lands in question, to enjoin him from sawing and disposing of this lumber, would work great, if not irreparable injury to him. I am not disposed to do that which will break up his business, under all the facts and circumstances of the case. Mr Warren is not without remedy at law for the value of the timber cut, or by replevin for the logs, if he is the owner. If the deed is but a mortgage, then the land and remaining timber, worth not less than one hundred and twenty thousand dollars, are ample security for his debt.

The injunction will be modified to prevent cutting the timber, and continued. Injunction awarded.